IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DERRICK BERNARD JACKSON,** | : | |
| Petitioner, | : | Case No. 5:08-cr-00041 (CAR) |
| | : | Case No. 5:11-cv-90098 (CAR) |
| v. | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| **UNITED STATES OF AMERICA,** | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Derrick Bernard Jackson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which challenges his 2007 state conviction for forgery and his related 2009 state probation revocation. Doc. 201.[1] Also before the Court is Petitioner's one timely Amendment to his Section 2255 Motion, which challenges his 2009 federal sentence for making false claims against the Government by preparing and submitting fraudulent income tax returns to the Internal Revenue Service in the above-styled case. Doc. 204.

Since filing his original Section 2255 Motion (Doc. 201) and his one timely Amendment thereto (Doc. 204), Petitioner also filed the following four additional Motions between March 2011 and May 2013: (1) Petitioner's first untimely Motion to Amend (Doc. 206), (2) Petitioner's Motion for Expansion of the Record (Doc. 237), (3) Petitioner's Motion for Summary Judgment (Doc. 242), and (4) Petitioner's second untimely Motion to Amend (Doc. 253).

For the reasons set forth below, it is **RECOMMENDED** that both Petitioner's Section 2255 Motion (Doc. 201) and Petitioner's one timely Amendment thereto (Doc. 204) be

---

[1] Petitioner originally filed his Section 2255 Motion as a federal habeas corpus petition under 28 U.S.C. § 2254, but the Court later recharacterized his 28 U.S.C. § 2254 petition as a 28 U.S.C. § 2255 motion. Doc. 203.

**DISMISSED or, in the alternative, DENIED.** It is **FURTHER RECOMMENDED** that each of Petitioner's four pending Motions (Docs. 206, 237, 242, 253) be **DENIED AS MOOT**.

FACTUAL AND PROCEDURAL BACKGROUND

**A.  Underlying Criminal Proceedings in Federal Court**

On February 19, 2009, a grand jury in this Court returned a sixteen-count superseding indictment against Petitioner. Doc. 110. Count One charged Petitioner and two codefendants with conspiracy to defraud the Government with respect to false claims in violation of 18 U.S.C. § 286. Id. at 1-4. Counts Two through Sixteen charged Petitioner with making false claims against the Government by preparing and submitting fraudulent income tax returns to the Internal Revenue Service in violation of 18 U.S.C. § 287. Id. at 5-7.

After negotiations, Petitioner and the Government entered a plea agreement. Doc. 150. Pursuant to the plea agreement, Petitioner agreed to plead guilty to Count Fifteen, and the Government agreed to dismiss Counts One through Fourteen and Count Sixteen. Id. at 2, 6. Petitioner also agreed to waive any right to an appeal or other collateral review of his sentence unless the Court imposed a sentence that exceeded the advisory guideline range in which case Petitioner could appeal his sentence directly to the Eleventh Circuit. Id. at 4. In addition, the parties agreed and stipulated that $106,165 represented the amount of loss for purposes of the Sentencing Guidelines. Id. Petitioner and trial counsel initialed each page and signed the last page of the plea agreement. Id. at 1-9. By signing the agreement, Petitioner confirmed that he fully understood the plea agreement and that he agreed to all of its terms. Id. at 9.

On May 7, 2009, Petitioner pled guilty to Count Fifteen of the superseding indictment. Docs. 151, 156. The Court conducted a sentencing hearing on September 9, 2009. Doc. 181. After reviewing the presentence report and Petitioner's objections to it, the Court determined that

the advisory guideline range was from 24 to 30 months imprisonment based on an offense level of 13 and a criminal history category of 4 but that an upward variance was necessary under the specific facts presented here. Id. at 70. The Court therefore sentenced Petitioner to 42 months imprisonment followed by 3 years of supervised release. Id. at 70-71. The Court also ordered Petitioner to pay restitution in the amount of $78,752.63. Id. at 70.

On September 22, 2009, the Court entered its final judgment, and Petitioner filed his notice of appeal. Docs. 168, 170. The Eleventh Circuit affirmed Petitioner's sentence on direct appeal on July 22, 2010, holding that the addition of two criminal history points was appropriate and that the upward variance was both procedurally and substantively reasonable. Doc. 198.

On June 19, 2012, Petitioner commenced supervised release. Doc. 219. Approximately three months later, on September 14, 2012, his probation officer filed a petition for action on supervised release. Id. After conducting a final revocation hearing, the Court concluded that Petitioner violated the terms of his supervised release, and the Court sentenced Petitioner to 6 months imprisonment. Doc. 229. The Court entered its final judgment concerning the revocation of Petitioner's supervised release on December 4, 2012, and Petitioner filed his notice of appeal on December 11, 2012. Docs. 234, 236. Petitioner's appeal remained pending in the Eleventh Circuit until May 23, 2013, at which time the Eleventh Circuit granted Petitioner's voluntary motion to dismiss his appeal with prejudice. Doc. 254.

**B.  Underlying Habeas Corpus Proceedings in State Court**

On September 30, 2009, while Petitioner's direct appeal of his federal sentence was pending in the Eleventh Circuit, Petitioner filed a state habeas corpus petition in the Superior Court of Jones County, Case No. 2009-cv-287. This petition was closed for lack of venue on November 30, 2009. That same day, Petitioner's state habeas corpus petition was filed correctly

in the Superior Court of Montgomery County, Case No. 2009-cv-266. In his state habeas corpus petition, Petitioner challenged his 2007 state conviction for forgery and his 2009 state probation revocation both of which occurred in the Superior Court of Jones County.

An evidentiary hearing on Petitioner's state habeas corpus petition originally was scheduled for March 1, 2010, but the evidentiary hearing was postponed several times based on various motions filed by the parties. On July 12, 2010, the evidentiary hearing occurred. The Superior Court of Montgomery County filed its final order denying Petitioner's request for state habeas corpus relief on December 31, 2010. More specifically, the Superior Court of Montgomery County found that Petitioner's 2007 guilty plea to forgery was made intelligently and voluntarily and that Petitioner failed to establish ineffective assistance of counsel concerning his 2007 state conviction or his 2009 state probation revocation. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on November 7, 2011.

**C.  Underlying Collateral Proceedings in Federal Court**

On December 6, 2010, twenty-five days before the Superior Court of Montgomery County filed its final order denying Petitioner's state habeas corpus petition, Petitioner executed his federal habeas corpus petition under 28 U.S.C. § 2254 in Jackson v. Keller, Case No. 5:10-cv-480 (MTT). Doc. 201. In his federal petition, Petitioner listed four claims involving his 2007 state conviction for forgery and his related 2009 state probation revocation, which were virtually identical to claims made by Petitioner in his state habeas corpus petition. Id. In his supporting memorandum, Petitioner further alleged that Georgia state courts "have refused to render a judgment" and that "[t]his is marked by unexcused delay which has rendered that avenue of state relief practically unavailable." Doc. 202 at 4.

On January 25, 2011, the Court recharacterized Petitioner's federal habeas corpus petition under 28 U.S.C. § 2254 as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 based on Petitioner's allegation that Georgia state courts had refused to rule on the constitutional claims identified in his state habeas corpus petition. Doc. 203. Petitioner subsequently filed one timely Amendment to his recharacterized Section 2255 Motion in which he enumerated three cursory claims involving his 2009 federal sentence for making false claims against the Government by preparing and submitting fraudulent income tax returns to the Internal Revenue Service. Doc. 204. On March 3, 2011, the Court ordered that Petitioner's federal habeas corpus case be administratively closed and that certain documents be filed in Petitioner's underlying federal criminal case. Doc. 200.

After the pertinent documents were filed in this case, the Government moved to stay Petitioner's Section 2255 Motion pending the final resolution of his state habeas corpus petition. Doc. 207. The Court's consideration of the Government's motion to stay was delayed by Petitioner's filing of a petition for writ of mandamus with the Eleventh Circuit, in which Petitioner suggested that the Court unreasonably delayed in ruling on the motion to stay. Doc. 210. The Eleventh Circuit denied Petitioner's mandamus petition as frivolous, finding that there was no unreasonable delay and that Petitioner's "repeated filings have contributed to the delay in the resolution of his motion to vacate." Doc. 210 at 2. The Court subsequently denied the Government's motion to stay and ordered the Government to respond. Docs. 217, 218. On November 29, 2012, after the Court revoked Petitioner's supervised release, the Government responded to Petitioner's Section 2255 Motion and his timely Amendment thereto. Doc. 231. Petitioner did not reply to the Government's response. Instead, Petitioner continued filing various other Motions with the Court. Docs. 237, 242, 253.

DISCUSSION

In his Section 2255 Motion, Petitioner enumerates four primary claims about his 2007 state conviction for forgery and his 2009 state probation revocation, namely that: (1) his Alford plea was unconstitutional; (2) he was denied due process at his probation revocation hearing; (3) counsel rendered ineffective assistance at his probation revocation hearing; and (4) counsel rendered ineffective assistance at his guilty plea hearing. Doc. 201. In his one timely filed Amendment to his Section 2255 Motion, Petitioner lists the following three additional claims about his 2009 federal sentence: (5) Petitioner was denied due process when the Court ordered computer access restrictions; (6) Petitioner was denied due process when the Court ordered restitution incorrectly; and (7) the Government breached the plea agreement. Doc. 204. Because Petitioner expressly waived his right to collaterally attack his sentence, the Court could dismiss this Section 2255 Motion and Amendment thereto. Alternatively, because Petitioner fails to establish that Claims One, Two, Three, and Four are properly before the Court, and because Petitioner also fails to establish that he is entitled to relief based on Grounds Five, Six, and Seven, the Court could deny this Section 2255 Motion and Amendment thereto.

**A. Plea Agreement Waiver**

As a preliminary matter, the Court acknowledges that the Government is seeking to enforce Petitioner's waiver of right to collaterally attack or otherwise appeal his sentence. The plea agreement waiver states, "once this agreement is accepted and sentence is imposed by the District Court, [Petitioner] by this agreement forever waives any right to an appeal or any other court review of [his] sentence, and [Petitioner's] waiver includes any collateral attack on the District Court's sentence." Doc. 150 at 4. The plea agreement waiver also states that "in the event that the District Court imposes a sentence that exceeds the advisory guideline range as

6

determined by the District Court, then [Petitioner] shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence." Id. During the plea hearing, the Court confirmed that Petitioner read and understood the plea agreement waiver and that Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. Doc. 156. After the Court sentenced Petitioner above the advisory guideline range, Petitioner timely appealed his sentence, and the Eleventh Circuit unanimously affirmed Petitioner's sentence on direct appeal. Docs. 181, 198.

Because the parties have addressed the merits of Petitioner's seven claims, this Recommendation also addresses the merits of Petitioner's seven claims. Even so, if the Court does not adopt the recommendation to deny Petitioner's Section 2255 Motion and his one timely filed Amendment thereto, the Court could dismiss both the Section 2255 Motion and the Amendment based on Petitioner's unambiguous waiver of his right to collaterally attack or otherwise appeal his sentence as set forth in the plea agreement. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that because the plain language of the plea agreement expressly informed the petitioner that he was waiving his right to bring a collateral attack, the petitioner waived his right to bring Section 2255 Motion).

## B. Claims One, Two, Three, and Four

In the alternative, Claims One, Two, Three, and Four, which involve both his 2007 state conviction for forgery and his related 2009 state probation revocation in the Superior Court of Jones County, could be denied because these four Claims are not properly before the Court.

"[A] district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence." United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). However, the

United States Supreme Court has concluded that when a prior state conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant failed to pursue his available remedies or because the defendant did so unsuccessfully, the defendant generally may not collaterally attack his prior state conviction under either 28 U.S.C. § 2254 or 28 U.S.C. § 2255. Lackawanna County District Attorney v. Coss, 532 U.S. 394, 402 (2001) (applying this holding to 28 U.S.C. § 2254); Daniels v. United States, 532 U.S. 374, 382 (2001) (applying this holding to 28 U.S.C. § 2255). There are a few exceptions to this general rule. The first exception is that the prior state conviction occurred after a failure to appoint counsel. Lackawanna, 532 U.S. at 404. The second exception is that the defendant obtained new, compelling evidence that he is actually innocent of the crime for which he was convicted. Id. at 405. The third exception is that the state court, without justification, refused to rule on a constitutional claim properly presented to it. Id.

In this case, the record establishes that Petitioner unsuccessfully pursued state habeas corpus relief concerning his 2007 state conviction for forgery and his 2009 state probation revocation. The Superior Court of Montgomery County issued its final order denying Petitioner's request for state habeas corpus relief on December 31, 2010, and the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on November 7, 2011. Because the record establishes that Petitioner unsuccessfully attacked the prior state conviction, his prior state conviction is "presumptively valid and may be used to enhance the federal sentence." Daniels, 532 U.S. at 382. As such, Petitioner is "without recourse" under the general rule, and unless one of the limited exceptions applies, "[t]he presumption of validity that attached to the prior conviction at the time of

sentencing is conclusive, and [Petitioner] may not collaterally attack his prior conviction through a motion under § 2255." Id. at 383.

The third exception to the general rule invoked by Petitioner here, namely that—Georgia state courts, without justification, refused to rule on his properly presented constitutional claims—is unavailing.[2] Although the Court previously reasoned that Petitioner may have alleged sufficient facts to raise an issue about the third exception, subsequent developments in the record demonstrate that Petitioner's allegations about Georgia state courts lack merit. The record establishes that Georgia state courts ultimately ruled on all of the constitutional claims identified in Petitioner's state habeas corpus petition. The record also establishes that approximately thirteen months elapsed between November 30, 2009, the date on which Petitioner filed his state habeas corpus petition in the appropriate venue, and December 31, 2010, the date on which state habeas court issued its final decision. This delay appears reasonable in light of the numerous motions filed by both Petitioner and the State before the Superior Court of Montgomery County could conduct an evidentiary hearing concerning Petitioner's state habeas corpus petition. Because Georgia state courts ultimately resolved all of the constitutional claims identified in Petitioner's state habeas corpus petition despite reasonable delays partially attributable to the parties, the third exception identified in Lackawanna is not applicable, and Claims One, Two, Three, and Four should be denied because these four Claims are not properly before the Court.

## C.  Claims Five, Six, and Seven

Similarly, Claims Five, Six, and Seven, which involve his 2009 federal sentence for making false claims against the Government by preparing and submitting fraudulent income tax returns, also could be denied because these three Claims are without merit.

---

[2] Petitioner does not allege, and the record does not support, any contention that Petitioner lacked appointed counsel during his prior state conviction or that Petitioner obtained new compelling evidence of his actual innocence.

As an initial matter, because Petitioner only included one cursory sentence about each of these three Claims in his timely filed Amendment to his Section 2255 Motion, and because Petitioner did not file a supporting Memorandum or otherwise specify the factual or legal basis for these Claims, this Recommendation attempts to address the merits of Claims Five, Six, and Seven as thoroughly as possible despite the nebulous nature of these three Claims.

As to Claim Five, Petitioner does not identify any cognizable factual or legal basis to demonstrate that he was denied due process when the Court ordered certain computer access restrictions. Insofar as Petitioner argues that the Court could not impose computer access restrictions unless Petitioner was convicted of a sex crime, he misunderstands the Sentencing Guidelines. Under the Sentencing Guidelines, "[t]he Court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; … and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b). Where, as here, Petitioner pleaded guilty to making false claims against the Government by preparing and submitting fraudulent income tax returns to the Internal Revenue Service, the Court acted within its discretionary authority by imposing other conditions of supervised release on Petitioner's internet access to protect the public from further crimes and to deter Petitioner from engaging in other kinds of fraudulent activity using the internet based on the nature and

circumstances of the offense as well as the history and characteristics of Petitioner.[3] Accordingly, Claim Five is without merit.

As to Claim Six, Petitioner does not identify any cognizable factual or legal basis to conclude that he was denied due process when the Court ordered restitution or that the Court ordered restitution incorrectly. Pursuant to the plea agreement, Petitioner agreed and stipulated that $106,165 represented the amount of loss for purposes of the Sentencing Guidelines. Doc. 150 at 4. Petitioner also acknowledged that the amount of restitution would not exceed $106,165. Id. The Court ordered Petitioner to pay restitution in the amount of $78,752.63. Doc. 181 at 70. It is unclear how ordering Petitioner to pay restitution that amounted to $27,412.37 less than the ceiling previously agreed upon by the parties in the plea agreement violated Petitioner's due process rights. Accordingly, Claim Six is without merit.

Finally, as to Claim Seven, Petitioner fails to specify how the Government allegedly breached the plea agreement, and there is no indication in the record that the Government breached the plea agreement in any manner. Accordingly, Claim Seven is without merit.

## CONCLUSION

Based on the plea agreement waiver, it is **RECOMMENDED** that both Petitioner's Section 2255 Motion (Doc. 201) and Petitioner's one timely Amendment thereto (Doc. 204) be **DISMISSED**. In the alternative, because Claims One, Two, Three and Four are not properly before the Court, and because Claims Five, Six, and Seven are devoid of merit, it is

---

[3] The Court limited Petitioner's computer access as follows: "[y]ou shall not use or own any device which allows internet access other than those authorized by this Court and administered by the Probation Office….You shall not make repairs, modifications, or install software on authorized computer systems or cellular devices without preapproval by the Probation Office. You may only access email accounts, chat rooms, instant messaging services, or other online environments which allow for user interaction via preapproved and authorized accounts…. You shall submit your computer, associated hardware, and digital media for monitoring and review by the Probation Office upon request. This includes review of your internet-capable cellular device." Doc. 181 at 72.

**RECOMMENDED** that both Petitioner's Section 2255 Motion (Doc. 201) and Petitioner's one timely Amendment thereto (Doc. 204) be **DENIED**. It is **FURTHER RECOMMENDED** that Petitioner's four pending Motions (Docs. 206, 237, 242, 253) be **DENIED AS MOOT**.

In addition, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2255(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is **ALSO RECOMMENDED** that the Court **DENY** a certificate of appealability in its final Order. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 25th day of October, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge