IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DERRICK BERNARD JACKSON,    :
                            :
        Movant,             :
                            :
    v.                      :        Case No. 5:08-cr-041-CAR-CHW-1
                            :
UNITED STATES OF AMERICA,   :
                            :
        Respondent.         :
_____ :

**ORDER**

In September 2009, the Court entered judgment against Defendant Derrick Bernard Jackson based on his plea of guilty to false claims against the government in violation of 18 U.S.C. §§ 2 and 287. (Docs. 150, 168). Movant has now filed what he labeled as a "Omnibus Motion for Judicial Notice, Coram Nobis Relief, and Forensic Audit Findings" (Doc. 295) and a "Petition for Writ of Error Coram Nobis" (Doc. 296) in which he asks the Court to vacate the judgment and sentence against him. These arguments could be construed as requesting relief under 28 U.S.C. § 2255.

The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. However, Movant failed to use the standard form petition for § 2255 motions. Therefore, the Court is unable to conduct this initial review of his motion at this time.

It is **ORDERED** that Movant **RECAST** his § 2255 motion **within 30 days of the date of this order**, in which he must clearly enumerate all his grounds for habeas relief. If Movant fails to recast his motion, the pending motions (Docs. 295, 296) will be construed as a § 2255 motion and

1

Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Movant is also advised that if he fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or successive § 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Movant with a copy of the required § 2255 form petition.

At this stage, Movant is notified that the appropriate grounds for collateral review pursuant to § 2255 are extremely limited. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner is generally entitled to relief under § 2255 if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Importantly, collateral review is not a substitute for direct appeal. *See Lynn*, 365 F.3d at 1232.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Movant's recast motion, if one is filed, or the original filings, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

**SO ORDERED**, this 23rd day of April, 2026.

s/ <u>Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge

2